UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re GARY D. SIRBAUGH,                              CASE NO. 14-12572
_____/                     HONORABLE MARK A. GOLDSMITH

**ORDER REGARDING VENUE**

Pending before the Court are Plaintiff Gary D. Sirbaugh's pro se civil rights complaint under 42 U.S.C. § 1983 and Plaintiff's application to proceed without prepayment of the fees and costs for this action. Plaintiff is a Michigan prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan. The defendant's name is unclear because, in the section of the standardized complaint that requires prisoners to provide the defendant's name, Plaintiff wrote: "Notice: in 'Complaint.'" The defendant's job or position, however, is described as "ADW" (likely, assistant deputy warden), and the address given for the defendant is "Chippewa Correctional Facility - URF-East" in Kincheloe, Michigan.

An exhibit to the complaint indicates that, in October of 2013, when Plaintiff was confined at Chippewa Correctional Facility and in the process of being transferred to Oaks Correctional Facility in Manistee, Michigan, state officials took two footlockers from him.[1] During a hearing on the matter at Oaks Correctional Facility on February 10, 2014, an administrative law judge ruled that Plaintiff could retain documents related to his criminal conviction and appeal, as well as a few books and publications. According to the administrative law judge, the allowable legal property was returned to Plaintiff. Plaintiff, however, appears to allege that he had eighteen years' worth of legal documents stored in his footlockers, and that

---

[1] Plaintiff's complaint is composed mainly of rambling and conclusory sentences written in a font that is very difficult to read. Accordingly, this statement of facts is prepared from the allegations that the Court is able to discern from the otherwise incoherent complaint.

state officials lost or continued to confiscate most of his property. See Legal Memorandum at 2-3 (Dkt 1). He wants to have his property returned to him and/or to be compensated for lost property.

A threshold question is whether the Eastern District of Michigan is the correct venue for Plaintiff's complaint. The proper venue for civil actions is the judicial district where: (1) any defendant resides, if all defendants reside in the State in which the district court is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property in question is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve if sued in their official capacity. See O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972).

Furthermore, even if an action is originally filed in a proper judicial district, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a).

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan may be the more appropriate forum for this action. See Moore v. Caruso, No. 10-cv-13051, 2010 WL 3393861, at *1 (E.D. Mich. Aug. 26, 2010) (transferring case brought pursuant to 42 U.S.C. § 1983 to Western District of Michigan because the defendants were located there and the events at issue took place there); Taylor v. Dep't of Corrections, No. 14-cv-182, 2014 WL 1515554, at *1 (W.D. Mich. Apr. 17, 2014) (same to Eastern District of Michigan). Although Plaintiff resides in this District, the actions giving rise to his claim appear to have occurred at the Chippewa Correctional Facility in Kincheloe, Michigan, and the Oaks Correctional Facility in Manistee, Michigan. Similarly, it is likely that

the defendant(s) resides in or near these areas. Kincheloe lies in Chippewa County, and Manistee lies in Manistee County. Both counties lie within the geographical confines of Western District of Michigan. See 28 U.S.C. § 102(b). Accordingly, the Western District of Michigan may be the appropriate forum.

The Court further notes that it may conduct a transfer sua sponte under 28 U.S.C. §§ 1404(a) and 1406(a). Carver v. Knox County, Tenn., 887 F.2d 1287, 1291 (6th Cir. 1989); Flynn v. Greg Anthony Construct. Co., Inc., 95 F. App'x 726, 738 (6th Cir. 2003). However, if transferring pursuant to section 1404(a), a court should inform the parties of its considerations and should give them an opportunity to be heard on the matter. Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006) (finding error where district court transferred action under section 1404(a) without "provid[ing] the parties an opportunity to brief or argue this issue").

Accordingly, Plaintiff shall file a written memorandum on or before August 29, 2014 — no longer than ten pages, double-spaced — stating either that he consents to transfer, or explaining why the Eastern District of Michigan is the appropriate venue under sections 1391(b) and 1404(a). Plaintiff's failure to respond may result in transfer or dismissal of this action without prejudice.

The Court has not determined whether Plaintiff may proceed without prepayment of the fees and costs for his lawsuit.

SO ORDERED.

Dated: July 29, 2014  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2014.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager